**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWEY JOE DUFF,<br><br>    Plaintiff,<br><br>    v.<br><br>GOVERNOR EDMUND G. BROWN, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-0529 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.  INTRODUCTION

Dewey Joe Duff, an inmate on death row at San Quentin State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.  BACKGROUND

In the lengthy complaint, Duff complains that the California process for reviewing capital convictions and sentences is unlawfully slow and inadequate. He contends that the complaint addresses only the unlawful process and that his conviction is not at issue. *See* Docket # 1, p. 9. He does, however, appear to contend that trial counsel and appellate counsel were ineffective. *See id.* at 17.

Although the complaint is 51 pages in length, there are very few facts in it relating to Duff's particular situation. The complaint appears to be a photocopy (with a few minute changes) of a complaint filed by another death row inmate, Theodore Shove. Indeed, the almost-identical complaint has been filed by at least five death row inmates in addition to Duff. *See Theodore Shove v. Brown*, N. D. Cal. Case No. C 12-211 RMW (pending); *Paul Bolin v. Brown*, N. D. Cal. Case No. C 12-637 PJH (pending); *Richard Vieira v. Brown*, E. D. Cal. Case No. 12-cv-0044-AWI-MJS

1 (pending); *Carlos Avena v. Brown*, C. D. Cal. Case No. 12-cv-00485-UA-DUTY (denying *in forma pauperis* application because application was incomplete and the judicial officers had immunity from the suit); *Spencer Brasure v. Brown*, C. D. Cal. Case No. 12-CV-1027-UA-DUTY (denying *in forma pauperis* application because the court lacked jurisdiction; the complaint was frivolous, malicious or failed to state a claim; and the complaint sought monetary relief from a defendant immune from such relief).

As a result of Duff's careless presentation of a borrowed pleading, the complaint has facts about another prisoner's cases that are irrelevant to Duff's situation and make parts of the complaint somewhat nonsensical with regard to Duff. For example, the complaint alleges: "This case has been plagued with deliberate acts to Obstruct Justice and Impede Due Administration of Law, deliberate delays and abuses of which stems back to Original Filing of CV-09-0656-RMW." *Id.* at 5 (errors in source). Duff is not a party to that case, *Shove v. Schwarzenegger*, No. C 09-656 RMW, that was filed by death row inmate Theodore Shove. Elsewhere the complaint alleges that another case from Shove, *Shove v. Martel*, No. C 11-3707 RMW, was improperly decided. *Id.* at 6-7; *see also id.* at 19-20, 21, 23-24, 35. Duff was not a party to that case either. Duff also failed attach to his complaint the numerous exhibits referred to in the text of the complaint.

The complaint seeks declaratory, injunctive and monetary relief. With regard to the requests for declaratory and injunctive relief, the complaint states: "The Relief should be Forthwith as to *Declaratory* of which is established by Law Clearly Defining Rights to be discovered or wrongs to be avoided. [¶] *Injunctive Relief* can be Crafter as This Honorable Court deems appropriate to Reestablish Compliance to the Constitution, Laws and Treaties of the United states of America as Demanded by Legislative Intent." Docket # 1, p. 50 (errors, emphasis, and capitalization in source).

### III.   DISCUSSION

A.   Review Of The Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

2

1 monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se*
2 pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
3 (9th Cir. 1990).

4     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right
5 secured by the Constitution or laws of the United States was violated, and (2) that the violation was
6 committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48
7 (1988).

8     The complaint has numerous defects and must be dismissed.  First, the complaint is a
9 rambling discussion of theories and legal concepts rather than a statement of claim(s) against
10 defendants.  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the
11 claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement
12 need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it
13 rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).
14 Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
15 provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
16 formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be
17 enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550
18 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to
19 relief that is plausible on its face."  *Id.* at 570.  In his amended complaint, Duff must allege a short
20 and plain statement of each claim for relief he wishes to assert.

21     Second, the declaratory and injunctive relief requests in the complaint are not
22 understandable.  Duff must allege with more clarity the specific injunctive and declaratory relief he
23 requests.  If the Court does not understand the relief requested in the amended complaint, the relief
24 request will be dismissed.

25     Third, the complaint does not link any defendant to a legal claim.  In his amended complaint,
26 Duff must be careful to allege facts showing the basis for liability for each Defendant.  He should
27 not refer to them as a group (*e.g.*, "the Defendants"); rather, he should identify each involved
28 Defendant by name and link each of them to his claim by explaining what each involved Defendant

did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Duff is cautioned that there is no respondeat superior liability under Section 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the Defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Fourth, Duff cannot assert claims relating to any alleged violation of the rights of inmate Theodore Shove or any other inmate. All the allegations about problems Theodore Shove has experienced in his court cases or on death row are dismissed without leave to amend because Duff has no standing to complain about problems experienced by another inmate. "[A] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). His allegations that suggest he wants to pursue a class action are dismissed because *pro se* prisoner-plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

Fifth, Duff cannot assert claims for violations of federal criminal law. As a private party, Duff has no standing to prosecute a criminal action and has no protected interest in the prosecution of another. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ( "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted).

The amended complaint should state the claims for relief with clarity. The rambling, citation-filled argumentative complaint fails to satisfy some of the basic purposes of a complaint: framing the dispute and giving the Defendants and Court notice of the claims upon which relief is sought. The abundant citations and legal arguments are unnecessary and misplaced, as the complaint is more about telling the reader what the Plaintiff's claims are rather than why he should win.

4

B.    Duff's Motions

Duff filed a "motion for findings and conclusions [and] motion for temporary restraining order." (Docket # 9.) He also filed a declaration in support of his motions. (Docket # 10.) Generally, the filings do not make sense. The Court does not grant requests it does not understand. To the extent the court can make any sense of these filings, they appear to concern the adjudication of Theodore Shove's case by Judge Whyte. As stated above, Duff has no standing to complain about another inmate's problems in prison or in court. Accordingly, the motions for findings and conclusions and for a temporary restraining order are DENIED.

## IV.    CONCLUSION

The complaint fails to state a claim upon which relief may be granted. Leave to amend is granted so that Plaintiff may attempt to state a claim against defendants. The amended complaint must be filed no later than **June 29, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: June 4, 2012

_____
EDWARD M. CHEN
United States District Judge

5