UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEWEY JOE DUFF,

    Plaintiff,

    v.

GOVERNOR EDMUND G. BROWN; et al.,

    Defendants.
                                    /

No. C 12-529 EMC (pr)

**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND**

       Plaintiff, an inmate on death row at San Quentin State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 complaining about various problems, including the slowness, in the California process for reviewing capital convictions and sentences. The Court reviewed the complaint, identified numerous deficiencies in it, and dismissed it with leave to amend.

       Plaintiff then filed an "amendment to complaint" that failed to correct almost all of the deficiencies the Court discussed in the order of dismissal with leave to amend. First, he did not heed the instruction to allege a short and plain statement of each claim for relief he wishes to assert. *See* Docket # 12, p. 3.[1] Second, he ignored the instruction to present specific injunctive and declaratory relief requests. *See id.* Third, Plaintiff ignored the instruction to link each defendant to his legal claim(s). *See id.* Fourth, he ignored the instruction that he had no standing to complain about problems experienced by other inmates, and continued to discuss other people's

---

[1] Instead, the amendment is a rambling discussion of various legal theories and ideas and an extensive discussion of a law review article critical of the death penalty. *See, e.g.,* Docket 13, pp. 16-26.

1  circumstances. *Id.* at 4.[2]  Fifth, rather than file an amended complaint, Plaintiff filed an amendment
2  – the consequence of which is that the newer filing does not supersede the defective complaint and
3  must be read in conjunction with it.  An amendment was unacceptable because one of the problems
4  identified in the order of dismissal was that there was much in the complaint that didn't belong there
5  – e.g., claims about other inmates' problems, recycled legal arguments, and unintelligible relief
6  requests – and those problems remained when the plaintiff chooses to add to his complaint with an
7  amendment rather than to replace the defective complaint with an amended complaint.

8       Plaintiff will be given one last chance to comply with the order of dismissal with leave to
9  amend.  Plaintiff must file an amended complaint that complies with *all* the directions in the order of
10 dismissal with leave to amend.  The filing must be an amended complaint and may not incorporate
11 by reference the existing pleadings.  In light of the fact that one of the main issues is about court
12 delay, surely the plaintiff can provide a pleading that presents his particular dispute(s) concisely and
13 with clarity to aid in timely resolution of his case rather than to expect the Court and opponents to
14 struggle through a bloated pleading that concerns far more than this plaintiff's legal claims.
15 The amended complaint must be filed no later than **April 26, 2013**, and must include the caption and
16 civil case number used in this order and the words AMENDED COMPLAINT on the first page.
17 Plaintiff is cautioned that his amended complaint must be a complete statement of his claims.  *See*
18 *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with
19 prejudice and without leave to amend, we will not require that they be repled in a subsequent
20 amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will
21 consider those claims to be waived if not repled.")  Failure to file the amended complaint by the
22 deadline will result in the dismissal of the action.

23      Finally, because this action may have some bearing on Plaintiff's federal habeas petition in
24 which counsel recently was appointed, the clerk will send a copy of this order to the U.S. District

---

[2]For example, he complained about inmate Bridges' imprisonment since November 1, 2001. *See* Docket # 13, p. 4.  As another example, he complained about a policy of suspending any collateral challenge "until after the direct appeal is filed and affirmed" yet alleged that habeas counsel had been appointed for him without his conviction having first been affirmed – suggesting that either the policy did not exist or that any such policy was not applied to him.  *See id.* at 2, 5, 13.

2

1  Court for the Eastern District of California for filing for informational purposes in *Duff v. Chappell*,
2  E. D. Cal. Case No. 12-cv-1258-LKK-KJN.
3      IT IS SO ORDERED.
4  Dated:  March 22, 2013

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　EDWARD M. CHEN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWEY JOE DUFF,<br><br>        Plaintiff,<br><br>  v.<br><br>EDMUND G BROWN et al,<br><br>        Defendant. | Case Number: CV12-00529 EMC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dewey Joe Duff T-47320
San Quentin State Prison (SQ-2)
San Quentin, CA 94974

Dated: March 22, 2013

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

4