UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEWEY JOE DUFF,

          Plaintiff,

   v.

GOVERNOR EDMUND G. BROWN, *et al.*,

          Defendants.

_____/

No. C-12-0529 EMC (pr)

**ORDER OF DISMISSAL**

## I.   INTRODUCTION

Plaintiff, an inmate on death row at San Quentin State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 complaining about various problems, including the slowness, in the California process for reviewing capital convictions and sentences. The Court reviewed the complaint, identified numerous deficiencies in it, and dismissed it with leave to amend. Plaintiff then filed an "amendment to complaint" that failed to correct almost all of the deficiencies the Court discussed in the order of dismissal with leave to amend. The Court identified the deficiencies that had not been corrected, and granted further leave to amend so that Plaintiff would have one last chance to file an amended complaint that complied with *all* the directions in the order of dismissal with leave to amend. Docket # 15, p. 2. Plaintiff then filed an amended complaint, which is now before the Court for review.

## II.   BACKGROUND

Plaintiff was convicted in Sacramento County Superior Court and sentenced to death in 2002. A certified copy of the judgment of death was filed in the California Supreme Court on

1    March 13, 2002.  Counsel was appointed for his appeal in October 2006.  After obtaining thirteen

2    extensions of time, appellate counsel filed the appellant's opening brief on July 24, 2009.  (The

3    opening brief was 200 pages.)  After obtaining three extensions of time, the State filed respondent's

4    brief on July 9, 2010.  Appellant's reply brief was filed on October 29, 2010.  The California

5    Supreme Court appointed counsel for "habeas corpus/executive clemency proceedings related to the

6    above automatic appeal" for Plaintiff on October 12, 2011.  *People v. Duff (Dewey Joe)*, Cal. S. Ct.

7    No. S105097 (Oct. 12, 2011 docket entry).[1]  The docket entry for that appointment states that any

8    habeas petition "will presumed to be filed without substantial delay if it is filed . . . within 36 months

9    of this date."  *Id.*  Habeas counsel has filed nine confidential status reports with the California

10   Supreme Court since her appointment.  A habeas petition has not yet been filed in the California

11   Supreme Court by appointed counsel.

12          Plaintiff did file an unsuccessful *pro per* petition for writ of habeas corpus in the California

13   Supreme Court.  That petition was filed on May 16, 2011, and denied on February 20, 2013.

14   *See Duff (Dewey) on H.C.*, Cal. S. Ct. Case No. S193253.

15          Plaintiff has a federal habeas petition currently pending in the U.S. District Court for the

16   Eastern District of California.  *See Duff v. Chappell*, E. D. Cal. No. 12-cv-01258-LKK-KJN.  He

17   filed that petition *pro se* on May 9, 2012.  In March 2013, counsel was appointed to represent him in

18   that federal action.  That action remains pending.

19          To summarize: the direct appeal is briefed and awaiting a decision; the state habeas petition

20   has not yet been filed by counsel; and a federal habeas petition is pending in the Eastern District.

21                                          **III.    DISCUSSION**

22   A.    The Amended Complaint Fails to Comply With Court Order to Correct Deficiencies

23          A federal court must engage in a preliminary screening of any case in which a prisoner seeks

24   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

25

26

27          _____

              [1] The information in this paragraph was obtained from the docket sheet for *People v. Duff*
28   *(Dewey Joe)*, Cal. S. Ct. No. S105097, on the California courts' website,
     http://appellatecases.courtinfo.ca.gov (last visited June 12, 2013).

§ 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The amended complaint failed to correct most of the deficiencies about which the Court has twice warned Plaintiff.  First, Plaintiff ignored the instruction to link each defendant to his legal claim(s).  The amended complaint simply lists numerous defendants at the outset and makes no effort to connect any particular defendant to a claim for relief.  This is no small matter, as the amended complaint has thousands of defendants, all sued in their individual and official capacities: three Governors of the State of California; all the current and three former Justices of the California Supreme Court; the State of California; "all subordinate courts within the state of California who have acted to support[,] aid, [and] ignore the illegal processes contained within this complaint;" three California Attorneys General; "each and every member of the Attorney General['s] office;" every prosecutor in the State of California; Michael Millman of the California Appellate Project; the 500+ defense attorneys certified by the California Appellate Project; "each and every officer of the court" in every California state court; and "each and every United States District Court Judge who has been presented with issues at bar contained within this Complaint, and have created orders of dismissal" or who have "fail[ed] to create any corrective forum."  Docket # 16, pp. 2-3 (random capitalization omitted).

Second, Plaintiff ignored the instruction to present specific injunctive and declaratory relief requests.  Most of the "relief" section of the amended complaint is a tangle of legal jargon that could

///
///
///
///
///
///

3

1    not be the basis for any injunction or declaratory relief.[2]  Those portions which the Court

2    understands seek relief to which Plaintiff plainly is not entitled.

3           Plaintiff demands a referral of the matter to the U.S. Attorney, apparently in connection with

4    his request for a referral pursuant to 28 U.S.C. § 2403, *see* Docket # 16, pp. 7 and 14, but neither

5    subsection of that statute applies to this action.  Section 2403(a) provides for a referral to the U. S.

6    Attorney General when there is not a federal governmental party and "wherein the constitutionality

7    of any Act of Congress affecting the public interest is drawn in question."  28 U.S.C. § 2403(a).

8    That subsection does not apply because the amended complaint does not call into question the

9    constitutionality of any Act of Congress.  Section 2403(b) provides for a referral to a state's attorney

10   general when there is no state governmental party to the action and "wherein the constitutionality of

11   any statute of that State affecting the public interest is drawn in question."  28 U.S.C. § 2403(b).

12   That subsection does not apply because the state governmental parties are plentiful and the amended

13   complaint does not call into question any California statute.  The request for a referral pursuant to

14   § 2403 must be dismissed.

15          Plaintiff also requests "automatic reversal" of his conviction because his "case had structural

16   damages from trial."  Docket # 16, p. 14 (random capitalization omitted).  This form of relief is

17   squarely barred by the *Heck* rule.  *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff

18   cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for

19   other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

20   unless that conviction or sentence already has been determined to be wrong.  *See id.* at 486-87.  A

21   conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal

---

22

23          [2]  The first two paragraphs of the "Relief" portion of the amended complaint typify the
24   problem: "The In[j]unctive Relief is to establish the Demands of United States Constitutionally
     Guaranteed Rights to Compliance with State Legal Process.  The Court misstated Facts, Petitioner
     was BARRED from the Court in Denial of Due Process of Law, By Suspension of U.S. Constitution
25   and State of California Constitution to Collateral Challenge/Habeas Corpus to Illegal Conviction.
     The Court has utilized Many Excuses for Denial of Constitutionally Guaranteed Rights, But in fact,
26   This was utilized to destroy exculpatory evidence. [¶ ] However, The Duties Incumbent upon This
     Honorable Court, Invoked Duty is to Honor the Prohibitory and Mandatory Demanded Rights to it's
27   Citizens.  California's Supreme COURT'S RULES, Suspension, Policies, were created to perpetrate
     a fraud upon the United States for Financial Gains."  Docket # 16, p. 14.  The final paragraph of the
28   request for relief, pp. 14-15, likewise presents no coherent request for injunctive, declaratory or
     monetary relief.

or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action for damages; the decision must have been successfully attacked *before* the civil rights action for damages is filed. The *Heck* rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to actions that sought equitable relief as well as damages. If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter the relief sought (*i.e.*, damages or equitable relief) as long as the conviction has not been set aside. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Plaintiff's request for reversal of his conviction must be dismissed. The *Heck* rule also bars consideration of any claim (such as the prosecutorial misconduct claim mentioned in passing at page 6 of the amended complaint and the ineffective appellate attorney claim mentioned at page 14) that would call into question the validity of the conviction or sentence.

Although the amended complaint is long on rhetoric about the slowness of the California process for reviewing capital convictions and sentences, Plaintiff does not request that this court order the state court to decide his appeal immediately. The court will not assume that a plaintiff wants relief that he has chosen not to request, even assuming such relief could be granted. *See Blair v. Martel*, 645 F.3d 1151, 1157-58 (9th Cir. 2011) ("request for an order directing a state court to hasten its consideration of an appeal belongs in a § 1983 complaint, not a habeas petition"); *but cf id.* at 1158 n.3 ("We express no view on the merits of such a § 1983 claim or on what relief, if any, might be available if the claim were pleaded in the proper place and at the proper time). It is particularly undesirable to assume such a relief request where, as in the case of a death row inmate, a quick decision in state court might mean that he moves more rapidly toward the ultimate penalty.

As Plaintiff is not entitled to the only two intelligible relief requests he does make, the relief section is deficient. Without any sufficient relief requests, the failure to link defendants becomes an even greater problem because the court cannot determine the appropriate defendant(s) among the thousands mentioned without knowing what relief the Plaintiff wants.

Third, Plaintiff fails to allege a short and plain statement of each claim for relief he wishes to assert. His amended complaint is a mishmash of ideas that fails to provide a sufficient description of any claim for relief. He alleges that the California Supreme Court violates due process, equal protection and meaningful access to the courts, *see* Docket # 16, p. 11, but fails to provide any coherent statement as to how it does so. The surrounding argument suggests that he is attempting to complain about the reversal rate in the California courts. That is, the amended complaint urges that former Governor Deukmejian caused Rose Bird and three other justices to be removed in 1987 and replaced with different judges over the next several years, and that the affirmance rate in death penalty cases has increased dramatically. *See id.* at 8-10. Even with liberal construction, these allegations do not state a claim for a violation of Plaintiffs rights to due process, equal protection, or access to the courts. Plaintiff's allegations that the handling of the death penalty shows that the State of California has "reestablished slavery" and that the "California Supreme Court is at war with the U.S. Constitution . . . which is an act of treason," *id.* at 11 (random capitalization omitted), are frivolous.

Plaintiff argues at length about a law review article, but a law review article does not create any right secured by the Constitution or laws of the United States, the violation of which is a necessary element of a § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" by a person acting under color of state law).

Plaintiff alleges that the California Supreme Court's slowness in processing his appeal and habeas petition has "created untimeliness and procedural defaults. Furthermore, [it] has created and cause[d] exculpatory evidence to be destroyed 'prior to' any collateral challenge." Docket # 16, p. 6 (brackets added; random capitalization omitted). Plaintiff's allegation that the state court's slowness has created untimeliness and procedural defaults is contradicted by the California Supreme Court's order in his death penalty appeal – a document of which this court takes judicial notice. *See* Fed. R. Evid. 201. The California Supreme Court's order filed on October 12, 2011, appointing habeas counsel for Plaintiff stated that any habeas petition "will be presumed to be filed without substantial delay if it is filed . . . within 36 months of this date . . . and it will be presumed that any successive

petition filed within that period is justified or excused." *People v. Duff (Dewey Joe)*, Cal. S. Ct. Case No. S105097.  In light of the California Supreme Court's order that essentially grants counsel until October 2014 to file state habeas petitions, Plaintiff's contention that the delay will cause him to fall into untimeliness and other procedural default traps is not plausible.  Plaintiff's allegation that exculpatory evidence may be destroyed due to the delay is conclusory and speculative.  If the California Supreme Court rejects Plaintiff's petition for review or petition for writ of habeas corpus as untimely or procedurally defaulted at some date in the future, relief from such a bar would have to be sought in his federal habeas proceeding (which is pending in the Eastern District of California). It would not be proper for this court in a § 1983 action to direct the federal habeas court how to adjudicate Plaintiff's federal habeas petition.  *Cf. Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987) (federal district court lacks authority to issue a writ of mandamus to another district court).  In short, Plaintiff's failure to allege any harm from the alleged delay, failure to link any defendant to the claim, and failure to articulate any relief request for it require that the claim be dismissed.

Further leave to amend will not be granted because the court already has given Plaintiff two chances to correct the deficiencies in his pleading and he has been unable or unwilling to correct them.  There is no reason to believe that, having repeatedly failed to correct the deficiencies, he would be able to state a cognizable claim for relief on the fourth try.

B.     Alternatively, Abstention is Required

As discussed in the preceding section, the court does not understand most of the request for relief section in the amended complaint and cannot grant the requests for relief that it does understand (i.e.,  referral to the Attorney General and automatic reversal).  Even if Plaintiff did ask this court for declaratory relief or an injunction against the California Supreme Court to get that court to decide his case immediately, abstention would be appropriate.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be

1   exhausted before federal court intervention is permitted.  *See Dubinka v. Judges of the Superior*

2   *Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention

3   decision, state court proceedings still considered pending).  Requests for declaratory relief that

4   would interfere with ongoing state criminal proceedings are subject to the same restrictions that

5   govern requests for injunctive relief.  *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v.*

6   *Ledesma*, 401 U.S. 82, 86 n. 2 (1971).

7        *Younger* requires that federal courts refrain from enjoining or otherwise interfering with

8   ongoing state criminal proceedings where three conditions are met:  (1) state judicial proceedings

9   are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has the

10   opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex*

11   *County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka*, 23 F.3d at

12   223.  Here, all three prongs of the abstention test are met.  First, the appeal and state habeas

13   proceedings are ongoing in the California Supreme Court.  Second, the appeal unquestionably

14   involves important state interests.  *See Massie v. Sumner*, 624 F.2d 72 (9th Cir. 1980)

15   (acknowledging California's interest in ensuring the fairness of its capital convictions through the

16   automatic appeal process); *see also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest

17   in administering their criminal justice systems free from federal interference is one of the most

18   powerful of the considerations that should influence a court considering equitable types of relief")

19   (citing *Younger*, 401 U.S. at 44–45).  Third, Plaintiff can present his appellate delay claim to the

20   California Supreme Court when it considers his appeal and/or his state habeas petition – California

21   courts have considered appellate delay claims on their merits. *See, e.g., People v. Holt*, 15 Cal. 4th

22   619, 708–09 (Cal. 1997) (addressing claim that three-year delay in appointment of counsel for

23   automatic appeal violated due process); *People v. Horton*, 11 Cal.4th 1068, 1141 (Cal. 1995)

24   (addressing claim that eight-year delay in certification of record on appeal violated due process), as

25   modified on denial of rehearing, 12 Cal.4th 783.

26        Even when the three-pronged test is satisfied, however, a party may avoid application of the

27   abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and

28   immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part

of the state in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975); *Younger*, 401 U.S. at 46. Here, Plaintiff does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with the appeal process. *Younger* abstention is warranted. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds Younger abstention appropriate, the court may not retain jurisdiction and should dismiss the action). The action must be dismissed.

## IV.   CONCLUSION

This action is dismissed because the amended complaint fails to state a claim against any particular defendant and fails to comply with the Court's order to correct the deficiencies in the earlier pleadings. In the alternative, this action is dismissed because *Younger* abstention is warranted. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: June 14, 2013

_____
EDWARD M. CHEN
United States District Judge